UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL ADAM ASSENBERG,

        Plaintiff,

        v.

COMMUNITY ACTION CENTER, et al.,

        Defendants.

No. CV-08-193-FVS

ORDER DENYING MOTIONS TO REMAND

**THIS MATTER** comes before the Court based upon Mr. Assenberg's two motions to remand this case to state court. He is representing himself. The defendants are represented by Michael E. McFarland.

**BACKGROUND**

Michael Assenberg and his wife applied for federally-subsidized housing assistance. Their application was reviewed by Nancy Whitesell, the Housing Program Coordinator for the Community Action Center ("CAC"). She alleges that Mr. Assenberg's application indicates that he intends to use marijuana to relieve pain. Since the CAC is funded, at least in part, by the Department of Housing and Urban Development ("HUD"), and since federal regulations prohibit the CAC from providing federally-funded housing assistance to a person who is engaging in the illegal use of drugs, the CAC denied the Assenbergs' application. Mr. Assenberg filed an action in Whitman County Superior Court alleging, in essence, that he has a right to use marijuana for medical purposes and that the CAC violated that right by denying his application for housing assistance. The CAC and the other

ORDER - 1

defendants removed the action to federal court on the ground that the Court has original jurisdiction over Mr. Assenberg's claim because it arises under the Constitution and laws of the United States.  28 U.S.C. § 1441(a),(b).  Mr. Assenberg moves to remand because, in his opinion, his complaint does not raise a federal issue.  He argues that his right to use marijuana for medical purposes is secured by state law and, thus, the Court lacks jurisdiction over the subject matter of his claim.

**RULING**

Mr. Assenberg earnestly believes that, under the law of the State of Washington, he has a statutory right to use marijuana for pain relief, and that his state-secured right to use marijuana for this purpose trumps the federal regulations upon which the CAC relied in denying his and his wife's application for federally-funded housing assistance.  Mr. Assenberg seeks declaratory relief, injunctive relief, and damages.  Neither side has cited the well-pleaded complaint rule, and it is unclear whether it applies here.  Given the authorities that the parties have cited, and the fact that Mr. Assenberg is asking the Court to order the CAC to provide him with federally-subsidized housing assistance, the Court is satisfied that it has original jurisdiction over his claim(s).

**IT IS HEREBY ORDERED:**

1. Mr. Assenberg's motion to strike (**Ct. Rec. 5**) is denied.

2. Mr. Assenberg's motion to remand (**Ct. Rec. 17**) is denied.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to the plaintiff and to counsel for the defendants.

**DATED** this ___5th___ day of September, 2008.

                      s/Fred Van Sickle
                       Fred Van Sickle
        Senior United States District Judge

ORDER - 2