UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MICHAEL ADAM ASSENBERG,

              Plaintiff,

          v.

COMMUNITY ACTION CENTER, et al.,

            Defendants.

No. CV-08-193-FVS

ORDER GRANTING SUMMARY
JUDGMENT

**THIS MATTER** comes before the Court without oral argument based upon the defendants' motion for summary judgment.  They are represented by Michael E. McFarland.  Mr. Assenberg is representing himself.

**BACKGROUND**

Michael Assenberg and his wife applied for federally-subsidized housing assistance.  Their application was reviewed by Nancy Whitesell, the Housing Program Coordinator for the Community Action Center ("CAC").  The CAC administers the Housing Choice Voucher Program, a federally funded rental assistance program in Whitman County, on behalf of the Spokane Housing Authority and the Department of Housing and Urban Development ("HUD").  While Ms. Whitesell concedes the Assenbergs' preliminary application did not contain information regarding any medical marijuana use, she alleges that, in their final application, they indicated Mr. Assenberg intended to grow

ORDER - 1

and use marijuana to relieve pain and, what is more, he had been evicted previously from federally-subsidized housing as a result of his marijuana use.  Since the CAC is funded, at least in part, by HUD, and since federal regulations prohibit the CAC from providing federally-funded housing assistance to a person who is engaging in the illegal use of drugs, the CAC denied the Assenbergs' application.  Mr. Assenberg filed an action in Whitman County Superior Court alleging, in essence, that he has a right to use marijuana for medical purposes and the CAC violated the right by denying his application for housing assistance.  The defendants removed the action to federal court on the ground Mr. Assenberg's claim arises under the Constitution and laws of the United States.  28 U.S.C. § 1441(a),(b).  Now, the defendants move for summary judgment.  They argue the issues Mr. Assenberg is raising in this action have been decided against him in previous actions and, thus, he is precluded by the doctrine of issue preclusion from relitigating the issues in this action.

**STANDARD**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).  A material fact is one "that might affect the outcome of the suit under the governing law . . . ."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

ORDER - 2

A dispute regarding a material fact raises a genuine issue for trial only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

**ISSUE PRECLUSION**

A. Prior Litigation

During 2005, Mr. Assenberg commenced an action in state court against the Anacortes Housing Authority ("AHA") alleging that the AHA's violated the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and RCW 49.60.222. The AHA removed the matter to the United States District Court for the Western District of Washington.  There, United States District Judge Robert S. Lasnik entered summary judgment in favor of the AHA; holding both that Mr. Assenberg's use of marijuana rendered him ineligible to reside in federally subsidized housing, and that the AHA did not have a duty to accommodate his drug use under the FHA, ADA or Rehabilitation Act.  In addition, Judge Lasnik rejected Mr. Assenberg's medical necessity defense to the CSA because he was not facing criminal prosecution.  *Assenberg v. Anacortes Housing Authority*, 2006 WL 1515603 (W.D. Wash. 2006); *see also U.S. v. Oakland Cannabis Buyers' Co-op*, 532 U.S. 483, 494-495, 121 S. Ct. 1711, 1719-

1720, 47 L.Ed.2d 483 (2001) ("medical necessity is not a defense").

Mr. Assenberg appealed the decision.  In affirming Judge Lasnik, the Ninth Circuit held Mr. Assenberg's "attempt to assert the medical necessity defense" was properly rejected, and that his eviction was "substantiated by [his] illegal drug use." *Assenberg v. Anacortes Housing Authority*, 268 Fed.Appx. 643, 2008 WL 598310 (9th Cir. 2008). Mr. Assenberg filed a Petition for Writ of Certiorari with the United States Supreme Court, which denied his petition on October 6, 2008. *See Assenberg v. Anacortes Housing Authority*, --- S.Ct. ----, 2008 WL 2227338 (U.S. 2008).  Mr. Assenberg filed another action against different defendants, stemming from the same incident.  Judge Lasnik dismissed the action, stating that Mr. Assenberg's claim that Washington's "medical marijuana law grants him an unfettered right to use marijuana in federally subsidized housing" had been rejected in the prior suit against the AHA and thus, he was barred by issue preclusion to relitigate his claims.  *Assenberg v. McCullum et al.*, 2006 WL 2841893, *1 (W.D. Wash. 2006).

During 2006, Mr. Assenberg filed a complaint in the United States District Court for the Eastern District of Washington alleging his due process rights were violated by the Federal Drug Administration and the Department of Justice for failing to allow his use of medical marijuana to alleviate his pain.  *See Assenberg v. State of Washington*, Case No. 2:06-CV-00351-RHW.  United States District Judge Robert W. Whaley dismissed the case, stating that "there is no fundamental constitutional right to possess and use marijuana for medical reason."  *Id.*

ORDER - 4

B. Elements of Issue Preclusion

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, --- U.S. ----, ----, 128 S.Ct. 2161, 2171, 171 L.Ed.2d 155 (2008). In the Ninth Circuit, the relitigation of issues adjudicated in a prior proceeding is barred by the doctrine of issue preclusion if the following requirements are met:

> (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action.

*Kendall v. Visa U.S.A., Inc.* 518 F.3d 1042, 1050 (9th Cir.2008) (*citing United States Internal Revenue Serv. v. Palmer (In re Palmer)*, 207 F.3d 566, 568 (9th Cir.2000)). Issue preclusion is designed to protect parties from successive litigation and promote judicial economy, *Maciel v. C.I.R.,* 489 F.3d 1018, 1023 (9th Cir. 2007). Defensive issue preclusion is used by a defendant attempting to prevent a plaintiff from asserting an issue already litigated and lost against a different defendant. *Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1400 (9th Cir.1996).

*1. Full and Fair Opportunity*

Issue preclusion is only appropriate if the parties have had a full and fair opportunity to litigate the issue. *Littlejohn v. U.S.*, 321 F.3d 915, 923 (9th Cir. 2003). Two considerations are relevant in

ORDER - 5

determining whether a party received a full and fair opportunity to litigate.  First, if the procedures used in the first and second actions vary enough to raise the potential for a different result, issue preclusion is inappropriate.  *Maciel v. C.I.R.,* 489 F.3d 1018, 1023 (9th Cir.2007).  Second, if the party's motivation differed in the two actions, whereby an issue in the first action did not need to be contested significantly, issue preclusion should not prevent the litigation of that issue in a subsequent action.  *Id.*

The present matter involves actions which are virtually identical in terms of procedure and any difference would not be sufficient enough to create the risk of a different result.  It also appears that while Mr. Assenberg may argue the issues he raises differ from his prior actions, the motivation underlying the proceedings is the same. In addition, there is nothing to indicate that Mr. Assenberg failed to contest an issue previously that is being raised in this action. Although Mr. Assenberg has not had the opportunity to present his case to a jury, this does not affect whether or not the issues should be prevented from relitigation under claim preclusion.

*2. Issue actually litigated*

If there is any question as to whether an issue has been litigated, issue preclusion should not be applied.  *Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1518 (9th Cir.1985).  Further, if a decision could be made using grounds other than the issue in question, issue preclusion should not bar relitigation of that issue.  *Eureka Federal Sav. and Loan Ass'n v. American Cas. Co. of Reading, Pa.,* 873 F.2d 229, 233 (9th Cir. 1989).  "In determining whether issue was

ORDER - 6

actually litigated and determined in earlier adjudication, . . . [a] court is allowed to draw necessary inferences from prior adjudication in order to determine whether issue was actually decided." *Disimone v. Browner,* 121 F.3d 1262 (9th Cir. 1997) (internal punctuation and citation omitted). *See also Kamilche Co. v. U.S.,* 53 F.3d 1059, 1062 (9th Cir. 1995) (holding that when the same contention was made, which required the same argument and evidence to prove, issue preclusion barred litigation of the second issue); *Steen v. John Hancock Mut. Life Ins. Co.,* 106 F.3d 904, 913 (9th Cir. 1997) (noting that initiating a motion which led to a court's decision in a previous case "received 'actual, full, and fair litigation' of the issue . . .").

The assertions made in this and matter and previous cases, have centered on Mr. Assenberg's use of marijuana being legal under Washington law.  In the current matter, Mr. Assenberg, his use of marijuana is doctor-approved, which satisfies the recognized medical use requirement of the CSA. This substantially overlaps with assertions made in the prior actions discussed above. Mr. Assenberg also asserts that the current matter presents a state issue that has not yet been brought before the Court.  Although Mr. Assenberg stresses that these two claims were made in different contexts because they were asserted against different housing organizations, this is ineffective in defeating claim preclusion.  If claim preclusion could be so easily avoided, a party could effectively encase claims for use in later actions, as long as the context was different.

Mr. Assenberg also maintains that issue preclusion does not bar his claim specifically relating to the CSA because he did not address

the same clauses of the CSA in his prior cases.  However, the underlying issue Mr. Assenberg is pursuing is that his marijuana use is not violative of the CSA and, thus, he cannot be prevented from receiving federally-funded housing assistance.  This is the same issue he has litigated previously.

3.  *Issue lost as result of final judgment on merits*

Issue preclusion also requires that the issue was lost as a result of a final judgment in the previous action.  In *Diruzza v. County of Tehama,* 323 F.3d 1147, 1156 (9th Cir. 2003), the court stated that when a trial court's decision has been affirmed, that judgment may be used to invoke issue preclusion in subsequent matters. An issue decided and lost on a motion for summary judgment or judgment on the pleadings satisfies this requirement.  *Steen v. John Hancock Mut. Life Ins. Co.,* 106 F.3d 904, 912 (9th Cir. 1997) (citing Restatement (Second) of Judgments § 27 cmt. d).

The entry of summary judgment by Judge Lasnik suffices as final judgment on the merits.  The judgment set forth that Mr. Assenberg's use of marijuana had rendered him ineligible to reside in federally subsidized housing and that his medical necessity defense to the CSA failed because he was not facing criminal prosecution.  This decision was then affirmed by the Ninth Circuit.  As the marijuana use issue addressed and ruled upon in this prior matter is the same issue being asserted in the current case, that issue can be considered to be lost as the result of a final judgment.

4.  *Person against whom issue preclusion is asserted*

Finally, to apply, the party against whom issue preclusion is

ORDER - 8

being asserted must have been a party or in privity with a party in the first action.  *In re Reynoso,* 477 F.3d 1117, 1122 (9th Cir. 2007). This requirement is easily met given Mr. Assenberg's role as the plaintiff in the prior actions.

**CONCLUSION**

The defendants denied Mr. Assenberg's application for federally-funded rental assistance based upon his stated intention to grow and use marijuana to relieve pain while receiving assistance.  Pursuant to the doctrine of issue preclusion, Mr. Assenberg may not challenge the defendants' decision on the ground he has a Constitutional or statutory right to grow and use marijuana for medical purposes while receiving federally-funded rental assistance.

**IT IS HEREBY ORDERED:**

The defendants' motion for summary judgment (**Ct. Rec. 30**) is granted.  Mr. Assenberg's claims are dismissed with prejudice.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to the plaintiff and to counsel for the defendants, and close the case.

**DATED** this  26th  day of November, 2008.

               s/Fred Van Sickle
                 Fred Van Sickle
        Senior United States District Judge

ORDER - 9